# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 47485-9-II |
| Respondent, | |
| v. | |
| JOHN R. GARDNER, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, J. — Following a bench trial on a stipulated record, the trial court found John Gardner guilty of unlawful possession of a controlled substance. Gardner appeals, asserting that the trial court erred by failing to suppress evidence obtained following the execution of a search warrant lacking probable cause in support. Gardner has also filed a statement of additional grounds (SAG) for review, in which he contends that the judge presiding over his suppression hearing made a disparaging remark toward him off the record. We affirm.

## FACTS

Grays Harbor County Deputy Sheriff Kevin Schrader submitted an affidavit for a search warrant that provided in relevant part:

> On [July, 24, 2013, t]he Grays Harbor County Drug Task Force (DTF) received a call from Aberdeen Officer Lampky, who advised that he had received a call from a concerned citizen (CC) who wished to remain anonymous. This CC advised him of suspicious drug activity a[t] 1400 West First Street in Aberdeen. The CC advised him that John R. Gardner . . . was living at the location and was selling drugs from the location. Officer Lampkey provided the DTF with the phone number of the CC who wished to report this information to the DTF.
>
> I called and spoke to the CC and asked him/her what they knew about the residence and the possible drug activity. The CC is known to me but wishes to remain

No. 47485-9-II

anonymous for fear of retaliation. The CC has no criminal history, the CC is not working for monetary gain, and the CC is not working off any criminal charges. The CC is motivated by seeing Gardner's criminal drug activities stop. The CC advised me that he/she had been at the residence within the past 5 days and that he/she had seen methamphetamine on a table in Gardner's bedroom which she described as being an upstairs bedroom that was accessed by the first door on the right as you come to the top of the stairs. The CC advised that they had seen 4 to 5 baggies of a white crystalline substance on the table in this room. The CC advised me that he/she knew what methamphetamine looked like because they used to have friends who used methamphetamine and he/she has also attended drug and alcohol classes that discussed methamphetamine. The CC advised that he/she has witnessed multiple people go into the residence and stay for short periods of time. The CC believes that Gardner is selling drugs from the residence.

Clerk's Papers (CP) at 15-16.

On July 26, 2013, the Grays Harbor District Court found probable cause to issue a search warrant based on Schrader's affidavit. On August 1, 2013, officers went to 1400 West First Street to execute the search warrant. Officers entered the residence, located Gardner, and found 2 grams of suspected methamphetamine in his pants pocket. Officers also found approximately 77 grams of suspected methamphetamine in a hallway closet near Gardner's bedroom. The following day, the State charged Gardner with unlawful possession of a controlled substance.

Gardner moved to suppress the evidence seized during the search, arguing that Schrader's affidavit failed to establish the reliability of the known, but unnamed, citizen informant. The trial court denied Gardner's suppression motion.[1] Following a bench trial on a stipulated record, the trial court found Gardner guilty of unlawful possession of a controlled substance. Gardner appeals his conviction.

---

[1] Gardner does not assign error to the trial court's apparent failure to enter findings of fact and conclusions of law following the suppression hearing, as required under CrR 3.6(b). In any case, the record is sufficient to review Gardner's claim of error absent the entry of findings of fact and conclusions of law. *State v. Riley*, 69 Wn. App. 349, 352, 848 P.2d 1288 (1993).

2

ANALYSIS

I. PROBABLE CAUSE TO ISSUE SEARCH WARRANT

Gardner contends that Schrader's affidavit failed to establish probable cause upon which to issue a search warrant and, thus, the trial court erred by failing to suppress evidence seized pursuant to the search warrant. Specifically, Gardner contends that the affidavit in support of the search warrant failed to establish the reliability of the known but unnamed citizen informant. We disagree and affirm Gardner's conviction.

We review de novo a trial court's legal conclusion of whether an affidavit supported probable cause to issue a search warrant. *State v. Neth*, 165 Wn.2d 177, 182, 196 P.3d 658 (2008). But our de novo review gives great deference to the issuing judge's assessment of probable cause and resolves any doubts in favor of the search warrant's validity. *State v. Chenoweth*, 160 Wn.2d 454, 477, 158 P.3d 595 (2007).

A search warrant may be issued only if the affidavit in support shows probable cause. *State v. Thein*, 138 Wn.2d 133, 140, 977 P.2d 582 (1999). When determining whether probable cause existed to issue a search warrant where, as here, information was supplied by an informant, we apply the *Aguilar-Spinelli*[2] two-pronged test. *State v. Atchley*, 142 Wn. App. 147, 161, 173 P.3d 323 (2007). This test examines (1) the "'veracity'" or credibility of the informant and (2) the informant's "'basis of knowledge.'" *Atchley*, 142 Wn. App. at 161 (quoting *State v. Jackson*,

---

[2] *Aguilar v. Texas*, 378 U.S. 108, 84 S. Ct. 1509, 12 L. Ed. 2d 723 (1964); *Spinelli v. United States*, 393 U.S. 410, 89 S. Ct. 584, 21 L. Ed. 2d 637 (1969), *abrogated by Illinois v. Gates*, 462 U.S. 213, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983), *but adhered to by State v. Jackson*, 102 Wn.2d 432, 688 P.2d 136 (1984).

102 Wn.2d 432, 435, 688 P.2d 136 (1984)). The credibility and basis of knowledge prongs are independent and both must be established in the affidavit. *Jackson*, 102 Wn.2d at 437.

A. *Credibility*

Where, as here, a citizen informant is known to police but unnamed in the affidavit, "the affidavit must contain sufficient 'background facts to support a reasonable inference that the information is credible and without motive to falsify.'" *Atchley*, 142 Wn. App. at 162 (quoting *State v. Cole*, 128 Wn.2d 262, 287-88, 906 P.2d 925 (1995)). Here, there were sufficient background facts upon which to establish the unnamed citizen informant's credibility. Schrader's affidavit established that the unnamed citizen informant (1) provided his or her identity and contact information but wished to remain anonymous, (2) had no criminal history, (3) was not providing information for monetary gain or to work off criminal charges, and (4) was motivated to provide the information to police to see Gardner's criminal activity stop.

This case is thus indistinguishable from *Atchley*, where Division Three of this court held:

[T]here was sufficient evidence that the credibility of the informant was established. The informant provided his or her name and other contact information to police. The informant received no compensation or other reward in return for the tip. A background check revealed nothing to give Deputy Rosenthal reason to suspect the information provided was false. The informant said his or her reason for coming forward was to assist law enforcement in ridding the community of suspected narcotic manufacturers and traffickers.

142 Wn. App. at 162-63. Contrary to Gardner's claim on appeal, a track record of providing reliable information by a citizen informant is not required to establish the informant's credibility "because a citizen who is an eyewitness or a victim lacks the opportunity to establish a record of previous reliability." *State v. Berlin*, 46 Wn. App. 587, 590, 731 P.2d 548 (1987). Accordingly, we hold that the credibility prong of the *Aguilar-Spinelli* test has been met here.

B.      *Basis of Knowledge*

To establish the basis of knowledge prong of the *Aguilar-Spinelli* test, "the affiant 'must explain how the informant claims to have come by the information' and 'the informant must declare that he [or she] personally has seen the facts asserted and is passing on firsthand information.'" *Atchley*, 142 Wn. App. at 163 (quoting *Jackson*, 102 Wn.2d at 437). These requirements have been met here.

Schrader's affidavit established that the informant had been in Gardner's suspected residence within the past 5 days and had personally seen "4 to 5 baggies of a white crystalline substance on the table" in Gardner's bedroom. CP at 16. Schrader's affidavit further established that the informant knew what methamphetamine looked like because he or she used to have friends that used methamphetamine and because he or she had attended drug and alcohol classes that discussed methamphetamine. Because both prongs of the *Aguilar-Spinelli* test have been satisfied, the trial court did not err by concluding that the search warrant was supported by probable cause. Gardner thus fails to demonstrate that the trial court erred by failing to suppress evidence obtained pursuant to the search warrant.

## II. SAG ISSUES

In his SAG, Gardner asserts that the judge presiding over his suppression hearing made a disparaging remark toward him. But Gardner admits that this alleged remark was not documented on the record. Accordingly, this issue would be more appropriately raised in a personal restraint petition, and we do not further address it here. *State v. McFarland*, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995).

III. APPELLATE COSTS

Gardner has filed a supplemental brief opposing the award of appellate costs to the State in light of *State v. Sinclair*, 192 Wn. App. 380, 367 P.3d 612 (2016), asserting that he lacks the ability to pay such costs if imposed. The trial court entered an order of indigency for Gardner's appeal on May 8, 2015. Under RAP 15.2(f), we presume that Gardner remains indigent throughout our review of his appeal unless the trial court finds that his financial situation has improved. We therefore elect to exercise our discretion under RCW 10.73.160(1) to waive the imposition of appellate costs.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Worswick, J.

We concur:

Bjorgen, C.J.

Maxa, J.